IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TANANA THOMPSON HARDAMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 1:12cv831-TFM |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION</u>**

**I. PROCEDURAL HISTORY**

Plaintiff Tanana Thompson Hardamon ("Hardamon") applied for disability benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, alleging that she is unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act and denied the plaintiff's claim for benefits. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129,

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

131 (11th Cir. 1986).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).   Based on the court's review of the record in this case and the parties' briefs, the court concludes that the Commissioner's decision is due to be REVERSED and REMANDED.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  INTRODUCTION

#### A.   The Commissioner's Decision

Hardamon was 41 years old at the time of the hearing, is a high school graduate, and has completed two years of college.  (R. 38, 100, 231.)  She has prior work experience as

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

a data analyst and as "help desk support." (R. 97, 104.) Hardamon alleges that she became disabled on August 10, 2006, due to fibromyalgia and depression. (R. 39, 96.) After the hearing, the ALJ found that Hardamon suffers from severe impairments of fibromyalgia, asthma, and obesity, as well as a non-severe impairment of depression. (R. 18.) The ALJ determined that the claimant has the residual functional capacity perform light work. (R. 20.) The ALJ found that Hardamon is able to perform her past relevant work as a customer service representative. (R. 24.) Accordingly, the ALJ concluded that Hardamon is not disabled. (*Id.*)

### B. The Plaintiff's Claims

Hardamon presents the following issues for review:

(1) The Commissioner's decision should be reversed because the ALJ's physical residual functional capacity findings lack the support of substantial evidence.

(2) The Commissioner's decision should be reversed because the ALJ failed to develop a full and fair record by failing to call a vocational expert to testify at Hardamon's hearing and erred in relying on the vocational rationale form in Exhibit 8E.

(Doc. No. 13, Pl. Br. 3.)

### IV. DISCUSSION

Hardamon raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of Hardamon's specific arguments because the

court concludes that the ALJ erred as a matter of law, and thus, this case is due to be remanded for further proceedings.

First, the ALJ erred in assigning great weight to the opinion of a non-examining non-physician. Specifically, the ALJ found as follows:

> As for the opinion evidence, the undersigned gives great weight to the opinion of the state agency nonexamining physician (Exhibit 5F). The state agency nonexamining physician opined that the claimant is able to lift or carry 20 pounds occasionally and 10 pounds frequently, sit for a total of about 6 hours in an 8-hour workday with normal breaks, and stand or walk for a total of about 6 hours in an 8-hour workday with normal breaks, but must avoid concentrated exposure to extreme cold, extreme heat, fumes, odors, dusts, gasses, and poor ventilation (Exhibit 5F). The undersigned finds this opinion consistent with the record as a whole, including the claimant's history of symptoms and treatment for fibromyalgia, as well as the medical examination of Dr. Banner showing that the claimant had a normal gait, no evidence of ataxia, satisfactory tandem and heel toe walk, 5/5 motor strength, negative straight leg raising, intact sensation, and satisfactory fine and gross manipulation (Exhibits 4F and 5F).

(R. 23.)

The ALJ substantially relies on an opinion set forth in a Disability Determination Service physical residual functional capacity assessment form completed by Depree Williams ("Williams"). (R. 211-218.) The ALJ mistakenly refers to Williams as a physician. The record indicates that Williams is a non-examining non-physician single decision maker ("SDM").[4] This court recognizes that when an ALJ independently assesses

---

[4]"SDMs are part of a test program of the Social Security Administration for making initial disability determinations by non-medical experts. 20 C.F.R. § 404.906(a)." *Chaverst v. Astrue,* 2012 WL 5379063 at *8 (N.D.Ala.2012). "Alabama is one of the states in which these modifications are being tested. 71 Fed.Reg. 45,890 (August 10, 2006).... Under [the SDM] model, a single decision maker will make the disability determination and may also determine if other conditions for

a claimant's residual functional capacity based on substantial evidence in the record, an ALJ's reliance in part on the opinion of a non-examining SDM is not reversible error. *See Black v. Colvin*, No. 3:11cv1008-CSC, 2013 WL1278938, *3 (M.D. Ala. March 27, 2013) (no error where ALJ relied on non-examining SDM's assessment as evidence only insofar as it reported the opinion of a state agency consulting physician); *Aponte v. Commissioner of Social Sec. Admin.*, No. 6:12cv32-Orl-DAB, 2013 WL 178336, *5 (M.D. Fla. Jan. 17, 2013) ("[I]f substantial evidence other than the opinion of the non-physician supports the determination, the Court must affirm."). This court, however, is unable to determine whether the Commissioner's decision is supported by substantial evidence because the ALJ failed to resolve inconsistencies in the record.

In addition to relying on the opinion of the non-examining SDM, the ALJ relies on the opinion of Dr. Banner. The ALJ completely ignores evidence in Dr. Banner's evaluation which contradicts his finding that Hardamon has the residual functional capacity to perform light work. For example, Dr. Banner noted that Hardamon that the range of motion at flexion and extension of the neck was 30 degrees, that she gave good effort on the exam, and will "need continued medical and rheumatology care." (R. 209.) The ALJ is not free to simply ignore medical evidence, nor may he pick and choose between the records selecting those

---

entitlement to benefits based on disability are met. Under this plan, a signature from a medical or psychological consultant is not required on disability determination forms. 20 C.F.R. § 404.906." *Id.* at *9 (citation omitted).

portions which support his ultimate conclusion without articulating specific, well supported reasons for crediting some evidence while discrediting other evidence. *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992).

The ALJ also relies on the findings of Charles David Winfrey ("Winfrey"), a physician's assistant at Newton Family Health Center, when concluding that Hardamon has the residual functional capacity to perform light work. The ALJ bases this conclusion on medical records indicating that Winfreys' "physical examination findings were essentially unremarkable." (R. 22.) The ALJ, however, fails to reconcile this finding with "[t]he treatment notes of Mr. Winfrey, dated July 21, 2009 and August 10, 2009, [which] show that the claimant complained of dizziness, swelling, headaches, body pain, and head and facial numbness" and his opinion that he "did not doubt the plaintiff's complaints." (R. 22.) An administrative law judge has a duty to develop a full and fair record. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985). When there is a conflict, inconsistency, or ambiguity in the record, the ALJ has an obligation to resolve the conflict, giving specific reasons supported by the evidence as to why he accepted or rejected an opinion regarding the plaintiff's capacity for work. When relying on Winfrey's notation that the physical examination was unremarkable as a basis for concluding Hardamon is able to perform light work, the ALJ failed to reconcile this determination with Winfrey's finding that he did not doubt the severity of plaintiff's allegations of body pain and other symptoms of fibromyalgia.

The ALJ erred in failing to fully develop the record regarding Hardamon's

fibromyalgia. An ALJ has a duty to develop a full and fair record. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985). The ALJ must conscientiously probe into, inquire of, and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker*, 662 F.2d 731, 735-36 (11th Cir. 1981).

After carefully reviewing the medical records, the court concludes that the ALJ erred in failing to fully develop the record regarding the extent of Hardamon's physical impairments. Notwithstanding substantial evidence in the record indicating that Hardamon has received medical treatment for fibromyalgia during the relevant time period, the ALJ took no steps to explore the severity of Hardamon's condition by securing a consultative examination or additional testing by a medical specialist, such as a rheumatologist. It is error for the ALJ to fail to obtain additional testing or otherwise develop the evidence, if that information is necessary to make an informed decision. *See Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988). Where a consultative examination is needed to make an informed decision, it is error for an ALJ not to order such an evaluation. *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984). The ALJ is not entitled to ignore either the law or medical opinion.

There is sufficient evidence from which the Commissioner should have concluded that it was necessary to require additional evaluation and/or testing by a medical specialist before rendering a decision regarding Hardamon's physical impairments, and the ALJ's failure to obtain that additional evidence requires that this case be remanded for further proceedings.

*See Reeves, supra.*  Without such medical information, the ALJ could not make a determination as to whether Hardamon is disabled.

Finally, the court concludes that the Commissioner failed to consider Hardamon's inability to afford medical treatment when determining that Hardamon has the residual functional capacity to return to her past work as a customer service representative.  The ALJ discredited Hardamon's allegations of disabling symptoms from fibromyalgia based on sporadic medical treatment.  While failure to seek treatment is a legitimate basis to discredit the testimony of a claimant, it is the law in this circuit that poverty excuses non-compliance with prescribed medical treatment or the failure to seek treatment.  *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988).  The medical records are replete with references to Hardamon's inability to afford treatment.  For example, on August 1, 2008, Winfrey prescribed 300 milligrams of Gabapentin, specifically noting that "an increased dosage may prove to be unaffordable" and that Hardamon "no longer has insurance." (R. 240-41.) On July 21, 2009, Winfrey also noted that Hardamon was unable to return to a rheumatologist for follow-up treatment "due to cost."  (R. 252.)  Despite recommendations concerning the need for continued medical treatment and notations indicating Hardamon is uninsured and is unable to afford treatment, the Commissioner failed to consider whether Hardamon's financial condition prevented her from seeking medical treatment.  Thus, this court cannot conclude that the Commissioner's discrediting of Hardamon based on her failure to seek treatment is supported by substantial evidence.

Because the ALJ substantially relied on the decision of a non-examining non-physician, failed to develop the record concerning the effects of Hardamon's fibromyalgia on her ability to perform work, and failed to consider her inability to afford treatment, the court cannot conclude that the ALJ's determination that Hardamon has the residual functional capacity to perform light work is supported by substantial evidence.

## V.  CONCLUSION

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order will be entered.

Done this 6th day of June, 2013.

                                            /s/Terry F. Moorer
                                            TERRY F. MOORER
                                            UNITED STATES MAGISTRATE JUDGE